J-S07037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
WAYNE CURTIS KELLY, :
:
Appellant : No. 1480 MDA 2016

Appeal from the PCRA Order August 18, 2016
in the Court of Common Pleas of Berks County,
Criminal Division, No(s): CP-06-CR-0005141-2001

BEFORE: BOWES, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED APRIL 13, 2017**

Wayne Curtis Kelly ("Kelly"), *pro se*, appeals from the Order dismissing

his second Petition for relief filed pursuant to the Post Conviction Relief Act

("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In 2003, a jury convicted Kelly of murder of the second degree,

criminal conspiracy, possessing an instrument of crime and robbery, for his

participation in an armed robbery at a convenience store that resulted in the

death of the store clerk. Relevant to the instant appeal, Kelly was twenty-

three years of age at the time of the crime. The trial court sentenced Kelly,

in relevant part, to life in prison for the murder conviction, applying the

mandatory life sentence found in 18 Pa.C.S.A. § 1102(b).

This Court affirmed the judgment of sentence, after which the

Supreme Court of Pennsylvania denied allowance of appeal. ***See***

*Commonwealth v. Kelly*, 850 A.2d 10 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 863 A.2d 1144 (Pa. 2004).

Kelly filed his first PCRA Petition in August 2010, which the PCRA court dismissed as being untimely filed. This Court affirmed the dismissal. *See Commonwealth v. Kelly*, 100 A.3d 323 (Pa. Super. 2014) (unpublished memorandum). Kelly did not seek allowance of appeal.

On March 28, 2016, Kelly filed the instant *pro se* PCRA Petition. The PCRA court thereafter issued a Pennsylvania Rule of Criminal Procedure 907 Notice of Intent to Dismiss the Petition without an evidentiary hearing, stating that the court lacked jurisdiction to address the Petition because it was untimely filed. Kelly filed a *pro se* Response to the Rule 907 Notice. On August 18, 2016, the PCRA court dismissed Kelly's Petition, after which Kelly filed a timely *pro se* Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

On appeal, Kelly presents the following questions for our review:

I. Did the [PCRA] court err in denying [Kelly's] equal protection claim since [Kelly] was an adolescent[,] age 2[3,] at the time of the crime[,] and whether the automatic mandatory life sentence[,] imposed [upon Kelly] without a mitigating hearing[,] unconstitutionally subjects [Kelly] to cruel and unusual punishment[,] in violation of the Eighth Amendment to the United States Constitution?

II. Did the [PCRA] court err in dismissing [Kelly's] claims of entitlement to equal protection from prohibition against cruel and unusual punishment[,] in light of a [United States] Supreme Court substantive holding, as being time-barred for failure to meet the statutory requirements of [the exception at] 42 Pa.C.S.A. § 9545(b)(1)(iii), [and] (2)?

- 2 -

Brief for Appellant at 3 (issues numbered, capitalization omitted). As Kelly's issues are related, we will address them simultaneously.

When reviewing an order dismissing a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error. *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014). The merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Jurisdiction does not exist if the PCRA petition is untimely filed. *Id.*

Any PCRA petition must be filed within one year of the date the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). Here, Kelly concedes that his instant PCRA is facially untimely, as it was filed over ten years after January 2005, when his judgment of sentence became final.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Here, Kelly cites the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), and invokes the newly-recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii). Brief for Appellant at 6-9. In *Miller*, the Court held that sentencing schemes that

mandate life in prison without parole for defendants who committed their crimes while **under the age of eighteen** violate the Eighth Amendment's prohibition on "cruel and unusual punishments." **Miller**, 132 S. Ct. at 2460. The Court reasoned that in light of a juvenile's diminished culpability and heightened capacity for change, mandatory juvenile sentencing schemes pose too great a risk of disproportionate punishment, in contravention of the Eighth Amendment. **Id.** at 2469.[1]

Nevertheless, Kelly argues that the right espoused in **Miller** should apply to him (and the lack of its application violates his right to equal protection) because "neuroscience[-]based evidence in the **Miller** decision … applies to ages ranging at least through 25-29." Brief for Appellant at 13; **see also id.** at 5 (citing a 2012 article in the *Wall Street Journal*, which purportedly stated that "[t]he brain, once thought to be fully grown after puberty, is still evolving into its adult shape well into a person's third decade[.]").

This Court has already rejected this precise argument. Specifically, in **Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013), the co-appellants, who were 19 and 21 years old, respectively, at the time of their crimes (for which they received sentences of life in prison), argued that **Miller** applied to them because the human brain does not fully develop until

---

[1] In **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), the United States Supreme Court held that its decision in **Miller** applies retroactively. **Id.** at 736.

the age of 25, and because "it would be a violation of equal protection for the courts to treat [the co-appellants,] or anyone else with immature brains, as adults." *Id.* at 764. This Court rejected these claims, emphasizing that the co-appellants' "contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)." *Id.* (emphasis in original); *see also* *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (reaffirming *Cintora's* holding).

Accordingly, based on *Cintora* and *Furgess*, the rule announced in *Miller* does not apply to Kelly, who was twenty-three years old at the time of the murder.[2] Accordingly, Kelly has failed to establish the exception of section 9545(b)(1)(iii) to overcome the untimeliness of his second PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017

---

[2] Moreover, Kelly failed to file his Petition invoking *Miller* within 60 days of June 25, 2012, the date of that decision. *See* 42 Pa.C.S.A. § 9545(b)(2); *Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that the 60-day period begins to run upon the date of the underlying judicial decision).